WALTZ and Another *v.* ROBERTSON.

Assumpsit for lumber sold and delivered. Pleas, non assumpsit and set-off. On the trial, the defendant introduced in evidence a bill of lumber made out by a carpenter who had built him a house. The Court permitted the jury to take this bill to their room, after charging them that they could not receive it as evidence of itself of the amount of lumber contained in the house, but that if a witness had testified to it as being the correct amount of lumber the house contained, they might refer to it as a memorandum of what his evidence was on that subject. *Held*, that, under the statute, there was no error in permitting the jury, with the instructions given, to take the bill.

ERROR to the *Henry* Circuit Court.

BLACKFORD, J. — This was an action of assumpsit for the price of boards, scantling, plank, &c., sold and delivered,

*Nov. Term, 1845.*

WALTZ
*v.*
ROBERTS

*Tuesday, November* 25.

Nov. Term, 1845.

brought by the plaintiffs in error. Pleas, non assumpsit and set-off. Verdict and judgment for the defendant.

On the trial, the defendant, for the purpose of showing the quantity of lumber he had received from the plaintiffs, introduced in evidence a bill of lumber made out by a carpenter who had built him a house. The Court permitted the jury to take this bill to their room, after charging them that they could not receive it as evidence of itself of the amount of lumber contained in the house; but that if a witness had testified to it as being the correct amount of lumber the house contained, they might refer to it as a memorandum of what his evidence was on that subject. The record does not set out the evidence given in the cause.

The Court committed no error in permitting the jury to take the bill to their room. The permitting of the jury to take such papers with them, is expressly authorized by statute. R. S. 1843, p. 734. And we see no objection to the charge to the jury. It gave them correct information as to the manner in which they should view the bill.

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test*, for the plaintiffs.

*M. S. Ward* and *S. W. Parker*, for the defendant.