## MATLOCK *v.* TODD.

Where a new trial is asked, on account of alleged misconduct of the jury, which is presented to the Court below in the form of affidavits, and the new trial is denied, and the refusal is assigned for error in this Court, such affidavits will not be considered as constituting a part of the record of the cause, unless made so by a bill of exceptions.

Matlock *v.* Todd.

See the opinion at length, as to what matters will be considered as properly and naturally constituting parts of the record, without a bill of exceptions.

Sale by one partner of his interest in the partnership stock and business. The seller represented to the purchaser that he had put into the firm one thousand two hundred and forty dollars in cash, and the firm had purchased forty thousand dollars worth of goods, on which they supposed they had made twenty-four per cent. profits, and he told the purchaser he could inquire of the clerks and other partners at the store, but the purchaser did not do so, believing that he could not thereby obtain satisfactory information, and concluded not to buy; but some time afterward, the seller called on him again, and told him, if he was hesitating about the amount, he need not, for it was every dollar there; and the purchaser replied, that was just what he was hesitating about, but if he said it was all there, he would trade, and the trade was then made; but it soon turned out that the seller had put in twelve hundred and forty dollars, and the firm had purchased forty thousand dollars' worth of goods, but the seller's interest in the whole concern, for some reason not explained, was worth about one thousand eight hundred dollars, instead of three thousand six hundred dollars.

*Held*, that under the circumstances, the purchaser bought, reasonably relying on the representations of the seller, which, if false, would entitle the purchaser to rescind or recover damages.

*Held*, also, that a contract may be set aside for fraudulent misrepresentations, though the means of obtaining information were fully open to the party deceived, where, from the circumstances, he was induced to rely upon the other party's information.

APPEAL from the *Hendricks* Common Pleas.

PERKINS, J.—*Matlock* sued *Todd* on a note for a fraction over eight hundred dollars. *Todd* answered, that the note was obtained by fraud, in this, that it was given for the consideration, in part, of the purchase of the interest of *Matlock* in a certain partnership; that the purchaser, *Todd*, relied upon the representations of *Matlock*, as to its value, etc., and that

Matlock *v.* Todd.

the representations were false, etc., and that said *Todd*, immediately upon discovering their falsity, offered to rescind, etc.

Reply in denial. Jury trial; judgment for the defendant.

A motion was made for a new trial. It was asked on two grounds, viz.: That the verdict was not sustained by the evidence, and that the jury misbehaved themselves in their retirement. The affidavits showing the misconduct of the jury were not natural, necessary parts of the record of the cause, and were not made a part of the record by bill of exception; and we can not, therefore, notice that ground for a new trial. But see, in reference to it, as presenting analogy, the cases of *Ball* v. *Cosley*, 3 Ind. 577, and *Bersch* v. *The State*, 13 *Id*. 434. See also, 1 Gra. & Wat. on New Trials, 74, from which it would seem, that when jurors take papers with them in their retirement, by mistake, and do not read them, and are not influenced by them, the fact does not furnish a ground for a new trial. This accords with the above decision, cited from our own reports.

It is not shown, by a bill of exceptions, that a motion was made for a new trial, and, of course, it is not so shown that it was overruled and exception taken. But we think this is not necessary. The code provides, that where, in the progress of a cause, the decision objected to is entered on the record, that is, when it is a necessary part of the record, and the grounds of objection appear in the entry, the party may cause it to be noted at the end of the entry of the decision, that he excepts, and that such entry shall be sufficient. 2 G. & H. 209. Now, pleadings must be entered of record. The complaint, answers, demurrers, etc., must be filed by the clerk, and they constitute a part of the record proper. The journal entry, by the clerk, of their filing, is, also, necessarily a part of the record. And where a demurrer is filed to a pleading, the demurrer, as we have said, is a natural part of the record; the entry, by the clerk, of its filing, is so also; and so is the action of the Court in sus-

taining or overruling it. And as the demurrer must assign causes, the ground of the decision of the Court upon it appears necessarily, as a general rule, in such cases, in the journal entry of the decision by the clerk, considered in connection with the demurrer. Hence, a bill of exceptions, in such cases, is not necessary. It is only necessary that the party cause it to be noted that he excepts. So, the statute now requires written charges given or refused by the Court, to be filed as a part of the record, and authorizes exceptions in reference to them to be entered and signed by the attorney at the close of each charge, and the Supreme Court takes notice of such exceptions without their appearing in a bill of exceptions proper. 2 G. & H., p. 201.

So, the statute now requires a motion for a new trial to be in writing; hence, it places on the record the ground on which it is asked, and the journal entry, by the clerk, of its filing, it being, by statute, a necessary paper in the record of the cause, is a part of the record, as is the entry of the ruling of the Court upon the motion; and the grounds of the ruling, or decision, will, necessarily, sufficiently appear in the entry, taken in connection with the written motion specifying the grounds of it. See *Kirby* v. *Cannon,* 9 Ind. 371. Hence, this Court will take notice of an exception to such ruling, where the exception is noted at the end of it, without a bill of exceptions. There is a bill of exceptions in the record containing the evidence. We have, then, a motion for a new trial, which is, necessarily, a part of the record. We have the journal entry of the clerk, that the motion was overruled, which is, also, a natural part of the record; we have the exception of the party noted at the end of the ruling, and we have all the evidence given in the cause, in a bill of exceptions.

One ground upon which the new trial was asked was, that the evidence did not sustain the verdict of the jury. This question is now before us. As we have seen, the note sued

on was given for the last payment on the purchase, by *Todd* of *Matlock*, of the interest of the latter in a firm of merchants. The value of *Matlock's* interest was put at three thousand six hundred and forty dollars; and that value was arrived at in this way. *Matlock* told *Todd* he put into the firm one thousand two hundred and forty dollars in cash; that the firm had purchased forty thousand dollars worth of goods, and that they supposed they had made twenty-five per cent. on them. *Matlock* told *Todd* he could inquire of the clerks, and the other partners at the store. But it seems *Todd* did not do it to any great extent, and thought he could not obtain very satisfactory information if he did. The parties did not then trade; but, a few days afterward, *Matlock* called on *Todd* about the matter. *Todd* told him he was not in the notion of trading. *Matlock* said to him, if he was hesitating about the amount, he need not, for it was every dollar there. *Todd* replied that that was just what he was hesitating about; but if he, *Matlock*, said it was all there, he would trade. *Matlock* replied that it was, every dollar, there. The trade was made. It turned out, on taking an account and inventory, that *Matlock* had put in one thousand two hundred and forty dollars; that the firm had purchased over forty thousand dollars worth of goods, but that *Matlock's* interest in the concern, for some reason not explained, was but about one thousand eight hundred dollars, instead of three thousand six hundred dollars. *Matlock* says he did not mean to be understood by the expression that "it was all there," that the three thousand six hundred and forty dollars were there, but only that the one thousand two hundred and forty dollars, and the amount of goods purchased, and the proceeds of them, were there. *Todd* understood it that the three thousand six hundred and forty dollars were there; and as the question would be for the jury, as to how *Todd* might have understood it, and they found for him, we must act upon his understanding of

the facts of the case. *Lanna* v. *Gregg*, 1 Met. (Ky.) 444. Thus acting upon the facts, we think a case is made where *Todd* purchased, reasonably relying on the representation of *Matlock* as to a material point, which representation was false, and which the jury might have inferred *Matlock* knew to be so; at any rate, he did not know it to be true. *Gatling* v. *Newell*, 9 Ind. 572. See Fry on Specif. Perf., 2d ed., p. 269.

"But a contract may be set aside for fraudulent misrepresentations, though the means of obtaining information were fully open to the party deceived, where, from the circumstances, he was induced to rely upon the other party's information. *Reynolds* v. *Sprye*, 8 Hare, 222. Aff'd. 21 L. J. N. 633. 1 De G. M. and G. 660." Adams' Eq., p. 422, in note.

It may be mentioned that *Todd* offered to rescind immediately on discerning the fraud.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. E. McDonald, A. L. Roache, P. S. Kennedy*, and *O. A. Bartholomew*, for the appellants.

*L. M. Campbell* and *John T. Dye*, for the appellee