Burton *v.* Reeds.

sult is, the defence pleaded could not be an available bar to the action.

*Per Curiam.*—The judgment is reversed, with costs.. Cause remanded.

*B. F. Gregory* and *J. Harper*, for the appellant.

*Joseph H. Brown* and *James Park*, for the appellee..

---

## BURTON *v.* REEDS.

ACTION ON COVENANTS—EVIDENCE.—In an action for the recovery of damages for the breach of a covenant of warranty, and for quiet enjoyment, it is generally necessary to show an actual eviction from the premises described in the deed; but, where it is shown that a judgment for an eviction has been duly rendered, and that the premises are unoccupied by the covenantee or his tenants, and are vacant, and that the holder of the paramount title had conveyed a part of the property to another person, and that the covenantor purchased the property and accepted deeds of the holder of such paramount title and his grantee, no actual eviction by legal process, need be shown, for such facts, in point of law, would constitute an eviction.

MEASURE OF DAMAGES.—The measure of damages, in actions for the breach of the covenant of warranty and quiet enjoyment, upon eviction by title paramount, is the purchase-money with interest.

RECOUPMENT.—And in such actions, the covenantor is entitled to no recoupment of the rents and profits received by the covenantee for the use and occupation of the premises, unless such covenantor shows that he has actually paid such rents and profits to the holder of the paramount title.

EFFECT OF APPEAL.—The only effect of an appeal to a court of error, when *perfected,* is to stay execution; but the fact that the

judgment has been appealed to such court, is no bar to an action upon it.

ESTOPPEL.—Where, in such cases, the action is upon the covenant for seizin, and the covenantee is in possession, and the covenantor, having no title, makes a deed with full covenants of warranty, and subsequently acquires title, he is estopped by his covenants, as against the covenantee, to deny that he had a good title at the time of the grant, and such subsequently acquired title will enure to the covenantee; but where the convenantor acquires the paramount title after the eviction of the covenantee, such title does not enure to the covenantee by way of estoppel, without his consent, so as to defeat his right to maintain his action upon the covenants of warranty, and for quiet enjoyment, and to recover the consideration paid by him with interest.

APPEAL from the *Vigo* Circuit Court.

DAVISON, J.—*Reeds*, who was the plaintiff, brought an action against *Burton*, alleging, in his complaint, that the defendant, on *February* 5th, 1851, by deed in fee, conveyed to the plaintiff, for the consideration of 600 dollars, a lot of ground, describing it, in the city of *Terre Haute;* and that in and by that deed, the defendant covenanted that the title, so conveyed, was unincumbered; that he was lawfully seized of the premises, and would warrant and defend the same against all claims whatsoever.

It is averred that, in virtue of the conveyance, the plaintiff entered upon the premises and became possessed thereof, but that the defendant hath not warranted and defended the same, in this, that, on the 5th of *August*, 1854, *Simon* and *Elizabeth Andrews* instituted an action, in the *Vigo* Circuit Court, against this plaintiff, one *Jacob Early*, and *John Burton*, the present defendant, for the recovery of the described premises, and afterwards, on *April* the 23d, 1860, recovered a judgment in said action, that *Simon* and *Elizabeth Andrews*, the plaintiffs therein, recover the premises, and have execution therefor,

&c. And, further, by virtue of an execution issued on the judgment, the plaintiffs, *Simon* and *Elizabeth Andrews*, entered upon the premises and ousted the plaintiff, then a defendant, therefrom, and still hold possession thereof, to his damage, &c.

The defendant answered—1st, by a denial; 2d, that prior to the eviction charged, &c., the defendant purchased and obtained a conveyance in fee of all the interest of *Simon* and *Elizabeth Andrews* in and to the premises, &c.; 3d, that since the recovery in said action, and before any eviction of the plaintiff from the premises, the defendant, *Burton*, regularly appealed the aforesaid judgment of recovery to the Supreme Court, which appeal is now pending in and undetermined by that court; 4th, that the plaintiff has been, under the deed received by him from the defendant, continuously in possession of the premises, and in the receipt of the rents and profits thereof, for the space of nine years, which rents, &c., are of the value of 600 dollars, an amount at least equal to the aforesaid purchase-money, and that no eviction, pursuant to the judgment in the *Vigo* Circuit Court, has occurred.

The plaintiff replied—1st, by a general traverse; 2d, that the premises, at the time of the rendition of the judgment in favor of *Simon* and *Elizabeth Andrews*, were an open, unfenced, and unoccupied piece of ground; that the alleged purchase, by the defendant, of the outstanding title, was not made until long after the plaintiff's cause of action had accrued; and said cause of action had accrued, and the present suit had been instituted, long before the alleged appeal to the Supreme Court.

Upon these issues there was a verdict in favor of the plaintiff for 964 dollars. Motion for a new trial denied, and judgment, &c.

The evidence proves these facts: *Burton*, on *February* 1st, 1851, for the consideration of 600 dollars, conveyed the prem-

ises described in the complaint to *Reeds*, who, pursuant to the conveyance, took possession and rented the premises to one *William Nelson*, for four years, at 48 dollars per year. After this, he rented them to one *Joseph Riley*, until the year 1857, at 5 dollars per month. Subsequent to that year, the improvements on the premises fell into entire decay, and they have been, ever since, unimproved, unfenced, unoccupied and, vacant. Afterwards, *Simon* and *Elizabeth Andrews* brought a suit against *Reeds* for the premises, claiming under a paramount title. *Reeds* gave notice to *Burton*, who appeared, was made a defendant, and was defaulted; and on *April* the 23d, 1860, a judgment for the recovery of the premises was rendered in favor of the then plaintiffs.

*Andrews*, on the 3d of *July*, 1860, conveyed the undivided half of the property, which he so recovered, to *Samuel Gookins* and *Edward Bassett;* and the present action was commenced on the 24th of *August*, then next ensuing. And on the 19th of *September*, in the same year, *Simon* and *Elizabeth Andrews*, and *Samuel Gookins* and *Edward Bassett*, by deeds in fee, conveyed all their several titles and interests in the premises to *Burton*. No execution or writ of possession was ever issued on the judgment of recovery, though the judgment itself expressly directed such execution to be issued.

On *September* the 15th, 1860, *Burton* gave notice of appeal from said judgment of recovery to the Supreme Court, and on the 7th of *March*, 1861, he filed in that court a transcript of the record of the proceedings in the cause in which said judgment was rendered.

The main inquiry in the case relates to the sufficiency of the proofs. Do they sustain the finding of the jury? In cases of this sort, the general rule is, that the plaintiff is not entitled to recover, unless there is proof that he has been evicted from the premises, described in the deed, upon which he founds his action. But to constitute such eviction, an

actual dispossession, by process of law, is not, in all cases, essential. Rawle on Cov. 257.

Where, as in the case before us, there is a judgment for an eviction, and the premises are unoccupied by the plaintiff or his tenant, and are vacant, the issuing of a writ of possession on the judgment, or, if issued, any proceedings under it, would seem to be mere ceremony, and could have no effective purpose. The plaintiff, being thus out of possession, the jury, it seems to us, were authorized to presume that he had surrendered it to the rightful owner. *Greenvaues* v. *Davis*, 4 Hill, 643; *Strong* v. *Shurnway*, D. Chipman's Ver. Rep. 110; 2 Greenl. Ev., § 244; *Fowler* v. *Poling*, 6 Barb. 165; *Williams* v. *Wetherbell*, 1 Aikin, 240.

As we have seen, *Andrews*, after he recovered the premises, and prior to the commencement of this action, conveyed an undivided half of them to *Gookins* and *Bassett*. When that conveyance was made, he must be regarded as having at least a constructive possession of the premises; otherwise the conveyance was champertous and void. 3 Ind. 577; 7 Ind. 360; Rawle on Cov. 268. The sale and conveyance to *Gookins* and *Bassett*, connected with the facts that the defendant accepted their deed as conveying a valid title, and that the premises were unoccupied, in point of law, constituted an eviction.

As a general rule, the measure of damages, in cases like the present, is the purchase money and interest. This was the precise amount found by the jury; but the appellant insists that the verdict is excessive, that he was entitled to a recoupment of the several amounts of rent received by the plaintiff for the use and occupation of the premises. We think differently. *Andrews*, having recovered, in virtue of his paramount title, could have also recovered the rents and profits; but no such recovery of them appears to have been had. And we are not aware of any principle or authority

upon which the defendant, it not appearing that he had paid the rents to the rightful owner of the premises, should be allowed to recoup them in this action.

The defendant, as has been seen, sets up, in defence, that since judgment of recovery and before any eviction, he appealed from the judgment to the Supreme Court, &c. It is insisted that that defence, in view of the proofs adduced on the trial, defeats the plaintiff's suit. This position is untenable. "The only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken, and that a judgment has been removed by appeal to such a Court is no bar to an action upon it." *Nill* v. *Comparet*, 16 Ind. 107. In this case, however, the appeal does not appear to have been perfected; it was not taken or prayed for in term time. Notice of appeal was given on the 15th of *September*, 1860, some twenty days after the plaintiff instituted his suit. A transcript of the proceedings and judgment was not filed in the Supreme Court until the 7th of *March*, 1861. No supersedeas appears to have been granted, nor appeal-bond executed and filed. And, that being the case, the appeal was not effective, even to stay execution upon the judgment. But suppose the appeal was perfected, as prescribed by the statute, still the judgment, "until reversed or annulled, was binding upon the parties, as to every question directly decided in the case in which it was rendered." *Nill* v. *Comparet, supra*. The judgment being thus effective, and there being, as we have seen, what in point of law amounts to an eviction, the right of the plaintiff to sue on the covenants of his deed became vested, and the result is the pendency of the appeal, constituted no valid defence to the action.

The appellant assumes another ground. He says that having bought in and invested himself with the paramount title, the plaintiff is not entitled to more than nominal damages.

Burton *v.* Reeds.

The general doctrine is, "that *A*, having no title, makes a deed to *B*, with full covenants of warranty, and *A* subsequently acquires title by descent or purchase, he is estopped by his covenant, as against his grantee, to deny that he had a good title at the time of the grant, and such new title is said to enure to the grantee." It is conceded that this rule applies where the action is upon the covenant for seizin, and where the covenantee is in possession; but contended, that where the grantor, purchases the paramount title after the eviction of his grantee, such title does not enure to his grantee by way of estoppel, without his consent, so as to defeat his right to maintain an action upon the covenants of warranty, and the quiet enjoyment, and to recover the consideration paid by him, and interest. This view of the rule, and the exception to it, seems to accord with the weight of authority. Thus in *Blanchard* v. *Ellis*, 1 Gray 195, it is expressly decided, "that where a deed of land has been made with covenants of warranty, and the grantee has been evicted from the premises by a title paramount, the grantor can not, after such eviction, purchase in that title, and compel the grantee to take the same, against his will, either in satisfaction of the covenant or in mitigation of damages for the breach of it." This decision is sustained by various adjudicated cases, and enunciates a principle which seems to be clearly right. *Tucker* v. *Clark*, 2 Sandf. Ch. Rep. 96; *Bingham* v. *Widerway*, 1 Comstock 513. These authorities, with others, are referred to by Professor *Washburn*, in his recent treastise, and from them he deduces the rule, "that if a covenantee has been evicted by the rightful owner, he can not be compelled to accept a newly acquired title of the grantor, but may sue for the purchase money if he chooses to do so." 2 Washburn on Real Property, p. 673. If then we are correct in our conclusion, that the plaintiff in this case was evicted from the premises, such eviction evidently occurred prior to the institution of this

suit, and, in sequence, the title acquired by the defendant after its commencement can not, in the absence of the plaintiff's assent, be allowed to enure to him, either in bar of the action or in mitigation of damages. It follows, the plaintiff having gained no title by way of estoppel, the actual amount of consideration which he paid, with interest, is the correct measure of damages.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages and costs.

B. B. *Moffatt*, for the appellant.

D. W. *Voorhees* and J. E. *Risley*, for the appellee.