Farnsworth et al. *v.* Coquillard's Adm'r.

---

FARNSWORTH *et al. v.* COQUILLARD'S Adm'r.

PRACTICE—EXCEPTIONS.—Where exceptions are taken, during a trial, which must be gotten upon the record by bill of exceptions, such bill must be filed during the term, unless leave be given to file it afterwards, and then it must be filed within the time given, or, if afterwards, by the consent of the adverse party.

EXCEPTIONS AVAILABLE WITHOUT BILL OF EXCEPTIONS.—The reader is referred to the opinion at length, for a statement of some exceptions which will be available if properly noted on the record, without bill of exceptions.

Farnsworth et al. *v.* Coquillard's Adm'r.

APPEAL from the *St. Joseph* Common Pleas.

PERKINS, J.—This was a proceeding to cause a credit upon a judgment to be expunged. Judgment of refusal to expunge. The plaintiff's appeal.

We must first ascertain what questions the record presents to this Court.

1. Where exceptions are taken during a trial, which must be got upon the record by bill of exceptions, and such bill is not filed during the term, in vacation of the Court, the bill must be filed within the time specified in the leave, or it will not become a part of the record, unless made so by the consent of the adverse party. *Spencer et al.* v. *Jelley*, and *Swinney* v. *Nave*, at this term.

Under this rule, the bills of exception filed in the case at bar, are not a part of the record. But,

2. Certain exceptions appear in the record without a bill of exceptions. The following are examples:

Exceptions properly noted in the record, to rulings upon demurrers to pleadings. *Matlock* v. *Todd*, 19 Ind. 130.

Exceptions thus noted to instructions. *Id.*

Exceptions to rulings on motions for new trial; *Id.* But, where the motion for a new trial is grounded on the evidence, the evidence must appear in a bill.

Exceptions to judgments on special findings of Court. See *Peoria Marine, &c., Ins. Co.* v. *Walser*, at this term.

Where exceptions are taken to matters occurring, during the progress of a cause, which must be, and are reserved by bills of exception, such exceptions, as well as some others, it must be remembered, in many instances, are waived, unless relied on in a motion in writing for a new trial on account of the rulings excepted to. See *Kent* v. *Lawson*, 12 Ind. 675.

Among the exceptions which must be reserved by bill, are those to rulings on motions touching changes of venue, empanneling and misbehaviour of juries, continuances, striking

out, withdrawing, refiling, and amending pleadings, admitting or rejecting evidence, order and extent of argument of causes, &c., &c.

In the case at bar, there was a motion for a new trial, founded on five written reasons filed:

1. Irregularity in sustaining and rejecting motions touching the perfecting, reforming, &c., of the pleadings.

This we can not notice because there is no bill, duly filed, showing exceptions to the rulings complained of.

2. Giving a wrong judgment on the special finding of facts by the Court.

A motion for a new trial was not the proper instrumentality to correct such an error. There is no complaint but that the Court found the facts, as proved by the evidence; but the complaint is, that the Court misapplied the law upon the facts; as in erroneously ruling upon a demurrer, or a special verdict of a jury. The objection to the action of the Court, in this particular, should have been by moving, on the finding, a proper judgment, or excepting, at all events, to that rendered by the Court. But, while the record shows the special finding of the Court, duly filed and signed, it shows no exception to the judgment of the Court upon the finding, either noted upon the record, or in a bill of exceptions.

3. Same, in substance, as the second.

4. Judgment not sustained by the evidence.

This we can not judge of, because the evidence is not of record by bill of exception.

5. Judgment contrary to law

This may be true, and still this Court have no legal right to reverse that judgment; because a party may waive objections, and accept and acquiesce in such a judgment if he pleases, where the Court has jurisdiction of the cause, and a ground of action is stated in the complaint against a defendant, or of defence, in an answer to the complaint of a plaintiff.

In this case, the record shows no objection taken at the proper time and in a proper manner to the rulings of the Court upon points of law; not by entry upon the record where objection might thus be shown, nor by bill, where objection must thus appear. It is to rulings of Courts, upon points of law, that exceptions must be taken. What is an exception? The statute defines it:

"An exception is an objection taken to a decision of the Court, upon matter of law." 2 G. & H. p. 208. And the objection is taken by way of exception, and is shown to the appellate Court by being entered, in certain cases, upon the record, and in others, by bill of exception incorporated in the record.

No exceptions being shown to have been properly taken, in this case, to rulings of the Court, upon points of law, in the progress of the cause to judgment, nor to the judgment when rendered, this Court can not reverse that judgment.

*Per Curiam.*—The judgment is affirmed, with costs.

*Liston & Farnsworth*, for the appellants.

*W. G. George* and *A. Anderson*, for the appellees.