Nichols, Administrator, *et al. v.* The State, *ex rel.* Clark, Trustee.

---

NICHOLS, ADMINISTRATOR, ET AL. *v.* THE STATE, EX REL. CLARK, TRUSTEE.

PRACTICE.—*Bill of Exceptions Filed too Late.*—*Record.*—A bill of exceptions, setting out certain motions and the rulings thereon, filed without leave of record, subsequent to the term at which such rulings were made, forms no part of the record.

SAME.—*Motion for New Trial not Cut Off by Special Finding.*—*Answers to Interrogatories.*—The making of a special finding of facts by the jury, in answer to interrogatories, does not cut off a motion for a new trial.

SAME.—*New Trial.*—*Assignment of Error.*—*Continuance.*—*Allowing Jury to take Evidence to their Room.*—Error in refusing a continuance, in refusing to submit an interrogatory to the jury, and in allowing the jury to take items of written evidence with them to their room, are grounds for a new trial, but can not be assigned in the Supreme Court, as errors.

SAME.—*Bill of Exceptions.*—*Motions to Strike Out, and to Paragraph.*—*Bill*

Nichols, Administrator, *et al. v.* The State, *ex rel.* Clark, Trustee.

*of Particulars.*—Unless made part of the record by a bill of exceptions, no question is presented to the Supreme Court as to the action of the lower court in overruling motions for an order to paragraph the complaint, to strike out parts thereof, and for a bill of particulars thereto.

SAME.—*Demurrer for Misjoinder of Actions.—Harmless Ruling.*—An erroneous ruling upon a demurrer for a misjoinder of causes of action is not available to reverse a judgment.

TOWNSHIP TRUSTEE.—*Action on Bond.—Relator.—County Superintendent.*— Section 7 of the amendatory act of March 8th, 1873, Acts 1873, p. 79, and 1 R. S. 1876, p. 816, authorizes the proper county superintendent, in specified cases, to institute actions, on his own relation, on the bond of a defaulting township trustee, but does not confer that right upon him to the exclusion of such trustee's successor.

SAME.—The successor of a defaulting township trustee is a proper relator in an action on the bond of the latter.

SAME.— *Complaint.—Approval of Bond.—Demand.*—In an action on the bond of a deceased defaulting township trustee, the complaint set out the bond as an exhibit, which showed upon its face that it had been executed and acknowledged before, and approved by, the county auditor and had been duly recorded. The breaches alleged were a conversion of, and a failure to pay over, certain funds specifically alleged to have come into his hands, as such trustee.

*Held,* on demurrer, that no special demand was necessary, and that the bond had been executed, acknowledged, approved and recorded in accordance with the statute.

SAME.—*Duplicity.—Practice.*—Duplicity in a complaint may be reached by a motion.

SAME.—*Evidence.—Report.—Principal and Surety.*—A report made by a defaulting trustee to the county commissioners is admissible in evidence against, but is not conclusive upon, his estate or his sureties.

PRACTICE.—*Discretion of Court.—Evidence after Close.*—It is within the discretion of the court, after a party has closed his evidence, to allow him to introduce evidence as to a material fact, omitted before.

SAME.—*Interrogatory.*—It is within the discretion of the court trying a cause to decide whether an interrogatory propounded is relevant, properly framed and presented in time. And, if the ground covered by it has already been covered by another interrogatory, it may be refused.

SAME.—*Jury may not take with them Written Evidence.*—It is settled law in this State, that it is error to allow the jury, over the objections of a party, to take with them to their room, in consulting as to their verdict, items of documentary evidence introduced by the opposite party.

From the Monroe Circuit Court.

Nichols, Administrator, *et al. v.* The State, *ex rel.* Clark, Trustee.

*J. W. Buskirk, H. C. Duncan, J. R. East* and *C. W. Henderson*, for appellants.

*J. H. Louden* and *R. W. Miers*, for appellee.

PERKINS, J.—The State, on the relation of James B. Clark, trustee, etc., brought an action upon the bond of M. L. Snodgrass, as trustee of Bloomington township, Monroe county, Indiana, against Hiram J. Nichols, the administrator upon his estate, and John W. Harryman and Henry Rott, his sureties in said bond. The bond was executed by the obligors, and approved by the auditor of Monroe county, Nov. 5th, 1874.

James B. Clark, the relator, is the successor of said Snodgrass in the office of township trustee.

The amended complaint stated the public funds, and amount and kinds thereof, that had come to the hands of the said Snodgrass, trustee, and alleged a conversion of them, failure to pay, etc., as breaches of the bond.

Motions for a continuance, for a bill of particulars, and for an order to paragraph the complaint, were made and overruled, at the February term, 1876, but no time was given for the filing of a bill of exceptions, and the bill was not filed till the June term, 1876. This was too late. 2 R. S. 1876, p. 176.

A demurrer to the complaint was filed and overruled, assigning for causes:

1.  Want of facts; and,
2.  Misjoinder of causes of action.

Answer:

1.  General denial;
2.  Payment by Snodgrass;
3.  Payment by the sureties, defendants;
4.  That the bond sued on was given upon his entering the office upon a second term, to which said Snodgrass had been elected; that the defalcation occurred in his first term;

and that, consequently, the sureties in the first, not in the second, bond were liable.

Demurrers to the second, third and fourth paragraphs of answer, for want of facts, were overruled, and exceptions entered.

Reply in denial. Trial by jury at the April term of said court, verdict for plaintiff, for $1,759.05, and answers to interrogatories, as follows :

" 1. What amount of money, if any, did the deceased, Snodgrass, receive, as trustee, after October 19th, 1874, and before the execution of the bond in suit ?

" Ans. None.

" 2. What amount of funds, if any, did Snodgrass have on hand, as trustee, when the bond in suit was executed ?

"Ans. $2,551 $\frac{70}{100}$.

" 3. What amount has said Snodgrass disbursed, as trustee, since the execution of the bond ?

"Ans. $2,300 $\frac{75}{100}$."

Thereupon the defendants Rott and Harryman, sureties on the bond of Snodgrass, moved for a new trial, assigning eighteen causes therefor.

The special finding did not cut off a motion for a new trial.

The motion was overruled, and exceptions entered.

Appeal by Harryman and Rott, the sureties, Nichols, the administrator of Snodgrass, declining to join therein.

The errors assigned are as follows:

1. Overruling a motion for a continuance ;

2. Overruling motion for an order on plaintiff to paragraph complaint and furnish bill of particulars ;

3. Overruling motion to order parts of complaint to be struck out ;

4. Overruling demurrers to amended complaint;

5. Permitting the jury to take with them, to their room, certain written evidence in said cause ;

6.   Refusing to submit interrogatory 4, propounded by appellants, to the jury; and,

7.   Overruling the motion for a new trial.

The matters of the first, fifth and sixth assignments of error might have been assigned as causes for a new trial, but could not be assigned as errors on appeal. 2 R. S. 1876, p. 179.

The action of the court, complained of in the second and third assignments, is not shown by bill of exceptions to have occurred.

The fourth assignment of error was invalid. The amended complaint contained a cause of action.

The objections to it, urged by appellant, are three, viz.:

1.   That the county school superintendent was the necessary relator, and sec. 7, Acts 1873, p. 78, is cited. See 1 R. S. 1876, p. 816.

2.   That the complaint should have averred that the bond on which the suit was brought, had been approved by the county commissioners.

3.   That it should have averred a special demand.

As to the first objection, it is enough to say, that, if the statute authorizes the county school superintendent to be a relator, it does not make him the exclusive relator in any case, but only gives him a right concurrent with that possessed by the township trustee, to act as such, in special cases.   See *Inglis* v. *The State, ex rel.*, 61 Ind. 212.

As to the second objection, the bond was made an exhibit in the complaint, and filed with it.   It showed that it was executed and acknowledged before, and approved by, the auditor of Monroe county, and was duly recorded. This was a compliance with the statute.   Sec. 5, p. 900, 1 R. S. 1876.   See *Allen* v. *The State, ex rel.*, 61 Ind. 268.

As to the third objection, that the complaint should have averred a special demand:—

This was not necessary, upon the facts alleged.   *Shook*

Nichols, Administrator, *et al. v.* The State, *ex rel.* Clark, Trustee.

v. *The State, ex rel.*, 53 Ind. 403; *Hudson v. The State, ex rel.*, 54 Ind. 378. The complaint was sufficient.

It may be here observed, that no judgment will be reversed " for any error committed in sustaining or overruling a demurrer for misjoinder of causes of action." 2 R. S. 1876, p. 59.

Duplicity might be ground for a motion.

The seventh assignment of error, viz., the overruling of the motion for a new trial, remains to be considered.

Among the causes for a new trial were the following:

1. Error in giving certain specified instructions, severally excepted to;

2. Error in refusing certain instructions;

3. Error in permitting the plaintiff to prove a demand, after the State had rested;

4. Error in refusing to submit an interrogatory to the jury;

5. Error in permitting the jury to take with them, on retiring to consult of the verdict, certain items of written evidence;

6. Error in permitting the plaintiff to prove, upon the trial, the signature of Snodgrass, deceased, to the bond sued on, by the relator in the suit, James B. Clark, and permitting him to testify in the cause, over the objection of the defendant; and,

7. Error in admitting in evidence a report to the county commissioners, made by said trustee, Snodgrass, and one made by said relator, Clark, successor in office of said Snodgrass.

As to the first ground above mentioned for a new trial, viz., the giving of certain instructions:

The court instructed the jury thus:

" Evidence has been introduced, tending to show that in the month of October, 1874, and on the 20th day of

that month, the said Snodgrass was trustee of said Bloomington township, and as such made his annual report to the board of commissioners, which report, showing the receipts and expenditures of said trustee, has been presented to you in evidence. This report you are to take as the amount with which said trustee was chargeable at that time, as well as the amount with which he should be credited at the 20th of October, 1874."

This cause was tried upon the theory that the reports of the officer were conclusive upon him and his sureties, and could not be attacked collaterally by either. We have held that this view of the law is erroneous as to the reports of guardians, and it must be equally so as to the reports of a township trustee. *Lowry* v. *The State, ex rel.*, 64 Ind. 421.

The like error was committed in the refusal of an instruction asked.

For this error the judgment in the case must be reversed. But, as a new trial will probably be one of the consequences of the reversal, it is proper that we intimate an opinion upon some of the other assigned errors.

The third cause, as above mentioned, for a new trial, states matter in the discretion of the court.

The cause numbered four arises, not under the following provision of the statute, 2 R. S. 1876, p. 156, sec. 303 : "Either party may propound interrogatories to be filed with the pleadings relevant to the matter in controversy, and require the opposite party to answer the same under oath;" but under sec. 336, p. 171, of the volume above cited.

It is for the court below to decide whether an interrogatory propounded is relevant, properly framed, and presented in due time, and, where the party had already propounded one that was submitted to the jury, it might

not be error in the court to refuse to submit another covering precisely the same point.

As to cause five, appellees, in their brief, say :

" We insist that the action of the court is sustained by law and reason. What could a jury do with a case involving several folios of charges and credits, without some memorandum to refresh their recollection? Does any one suppose that they could remember all these different amounts, and figure out an intelligent verdict? Not one. The objection was not made for the purpose of assisting the jury to arrive at a correct conclusion. Common sense demands that they should have the reports. What says the law? In the Revised Statutes of 1843, page 734, sec. 332, we have this provision : ' The court, in all trials, shall have a right to determine what papers shall be taken from the bar by the jury to their room, any former usage of law to the contrary notwithstanding.'

" The revision of 1852 is silent as to what papers the court may permit the jury to take to their room. There is nothing in it on the subject. Section 802 of the Revision of 1852 (2 R. S. 1876, p. 314) provides, 'The laws and usages of this State relative to pleadings and practice in civil actions and proceedings, not inconsistent herewith, and as far as the same may operate in aid hereof, or to supply any omitted case, are hereby continued in force.' The provision in the statutes of 1843 is not inconsistent with any provision in the code of 1852 on this subject, for the code of 1852 is silent. Hence section 332 of the Revised Statutes of 1843 is in force to supply an omitted case. It is entirely applicable to our present code, and supplies an omission. In *Waltz* v. *Robertson*, 7 Blackf. 499, the court permitted the jury to take to their room a bill of lumber, and this court sustained the ruling. In *Whithead* v. *Keyes*, 1 Am. L. Reg., N. s., 471, the Supreme Court of Massachusetts uses this language : ' It is not a matter of

Nichols, Administrator, *et al. v.* The State, *ex rel.* Clark, Trustee.

right that depositions used in the trial of a cause shall be delivered to the jury, on their retiring to consider of their verdict. It is matter of discretion, the exercise of which by a judge is not a legal ground of exception.' The following authorities are cited in support of the ruling: Graham on New Trials, 80; *Spence* v. *Spence,* 4 Watts, 165; *Alexander* v. *Jameson,* 5 Binney, 238.

" The Supreme Court of New York, in *Porter* v. *Mount,* 45 Barb. 422, in discussing this subject, say: ' Another exception was taken on the ground that the circuit judge allowed the jury, against the objection of the defendants' counsel, to take to their room the bond and mortgage received in evidence at the trial. In England there are some cases, and perhaps in this country, where new trials have been granted on such grounds, but it is time they were exploded and repudiated. * * If written documents or papers used in evidence on a trial can only be taken to a jury room upon the consent of the parties, it is quite apparent that the practice in such cases stands upon a very uncertain footing. Such consent will, many times, be withheld when the papers and documents would materially aid the jury in their deliberations. It is properly a question to be left unqualifiedly to the discretion of the circuit judge.' To the same effect is the case of *Schappner* v. *Second Av. Railroad Co.,* 55 Barb. 497."

See other cases in this court on this subject: *Alexander* v. *Dunn,* 5 Ind. 122; *Cheek* v. *The State,* 35 Ind. 492; *Bersch* v. *The State,* 13 Ind. 434; *Smith* v. *McMillen,* 19 Ind. 391; *Ball* v. *Carley,* 3 Ind. 577; *Matlock* v. *Todd,* 19 Ind. 130, p. 132; *Harrison* v. *Price,* 22 Ind. 165, on p. 168; *Collins* v. *Frost,* 54 Ind. 242; *Chance* v. *The Indianapolis, etc., G. R. Co.,* 32 Ind 472; *Eden* v. *Lingenfelter,* 39 Ind. 19; *Lotz* v. *Briggs,* 50 Ind. 346.

In *Eden* v. *Lingenfelter, supra,* DOWNEY, J., says:

" Under the statute of 1843, the court could decide what

Nichols, Administrator, *et al. v.* The State, *ex rel.* Clark, Trustee.

papers the jury should take with them to their room. R. S. 1843, p. 734; *Waltz* v. *Robertson*, 7 Blackf. 499. But no such provision is found in the present statute. The practice almost uniformly prevailing over the State, and the better practice, too, we think, is not to send the evidence out with the jury, except as they carry it in their memory. This may be inferred, probably, from the section of the code of practice which we have quoted, which provides that the jury shall be brought into court if they disagree as to any part of the testimony, etc."

In *Lotz* v. *Briggs, supra,* it is said, by WORDEN, J.:

" On the trial of the cause, the defendant gave in evidence the record of a former action between the same parties in the same court. As the jury were about to retire to consider of their verdict, they requested to be permitted to take the papers constituting the record thus given in evidence to their room, to determine the issue involved in that case. To this the plaintiff objected, ·but the court overruled the objection, and allowed the jury to take the papers to their room. Plaintiff excepted. This is assigned as one of the causes for a new trial.

" This action of the court was erroneous, as was held by this court, in the case of *Eden* v. *Lingenfelter*, 39 Ind. 19. See, also, *Cheek* v. *The State*, 35 Ind. 492."

We regard it as settled law in this State, that it is error to permit, over the objections and exceptions of the opposite party, items of documentary evidence to be taken to their consultation room by the jury. We approve of this view of the law, as likely to be attended, in its practical administration, with less evil than would attend the opposite rule of law on this subject.

As to the sixth cause for a new trial, viz., permitting Clark to testify, see *Cravens* v. *Kitts*, 64 Ind. 581. See the act of March 15th, 1879, Acts 1879, p. 245, which will be in force before this cause can be again tried. The

execution of the bond was not proved by said Clark, but by one Mr. Hunter.

Touching the seventh cause for a new trial, we think the first report mentioned therein was admissible in evidence. The sureties in the bond sued upon would be liable for moneys that were in the trustee's hands when said bond was executed, or that came into his hands afterward, in his official capacity. *Allen* v. *The State, supra.* We think the trustee's report as to the amount of funds in his hands on the 20th of October, 1874, would be admissible as tending to show the amount in his hands·on the 5th of November following. It would not, of course, be conclusive.

As to the second report objected to, we do not discover that it could have harmed the defendants; but the facts touching its admission are not stated with such precision in the record as to enable us to judge of the correctness of the ruling below in admitting it.

Reversed, with costs; cause remanded for further proceedings in accordance with this opinion.