Nov. Term,
1859.

ZIMMERMAN
v.
JUDAH.

himself of any increase of market value which might take place, and if the speculation failed, then to repudiate the contract and recover back what he had paid

## ZIMMERMAN v. JUDAH.

Suit upon a promissory note given by *A.*, with *B.* as surety, to *C.*, dated *October* 13, 1855, payable one day after date. The answer of *B.* showed that at the time the note was executed, *A.* and *C.* entered into a contract by which *A.* was to erect for *C.* a certain building, to be completed by the 1st of *November*, 1856. The agreement fixed the amount to be paid, &c. The last clause of it is as follows: "5th. As to the balance, 2,000 dollars, it is agreed as follows: Said *C.* herewith advances to said *A.*, as and for a loan on the note payable one day after date, the said sum of 2,000 dollars, which note shall be satisfied by the completion of said building as in this contract is provided; and which note, also, shall not become or be payable, so long as said *A.* shall progress with the preparation of materials, and with the erection of said building, so as to warrant the said superintendent in the reasonable expectation of the progress and completion of the work, as is hereinbefore provided. *October* 13, 1855." Signed by *A.*, by *B.*, as surety, and by *C.* The answer further shows that on the 5th of *June*, 1856, the following further agreement was made, without the knowledge or consent of *B.*, to-wit: that said *A.* and one *D.* should, by the 1st day of *November*, 1856, put an additional story on the building then under contract between *A.* and *C.*, for the further consideration of 1,700 dollars, to be paid on the completion thereof. *Held*, that the second contract was such an alteration of the first, as to discharge the surety.

. *Monday,
December 5.*

APPEAL from the *Marion* Circuit Court.

PERKINS, J.—Suit upon a promissory note for 2,000 dollars, dated *October* 13, 1855, given by *C. H. Brown*, with *C. Zimmerman* as surety, to *Samuel Judah*, payable one day after date.

It appears by the answer of the defendant, *Zimmerman*, that at the same time that this note was executed, *Judah* and *Brown* entered into a contract, by which *Brown* was to erect for *Judah* a certain building, to be wholly completed ready for occupancy by the first day of *November*, 1856. The agreement fixes the amount to be paid, the

time of payment, &c.    The last clause of the agreement is as follows:

"5th. As to the balance, 2,000 dollars, it is agreed as follows: Said *Judah* herewith advances to said *Brown*, as and for a loan on a note payable one day after date, the said sum of 2,000 dollars, which note shall be satisfied by the completion of said building as in this contract is provided; and which note, also, shall not become or be payable so long as said *Brown* shall progress with the preparation of materials, and with the erection of said building, so as to warrant the said superintendent in the reasonable expectation of the progress and completion of the work, as is hereinbefore provided.    *October* 13, 1855.

[Signed    " *Charles H. Brown,*

" *C. Zimmerman* (surety),

" *Samuel Judah.*"

It thus appears that the 2,000 dollars specified in the note sued on was substantially a penalty.    If the building was proceeded with and completed according to contract, the 2,000 dollar note was never to be paid.    If not, it was to be paid.

The answer further shows, that on the 5th day of *June*, 1856, the following further agreement was made without the knowledge or consent of *Zimmerman*, viz.: That said *Brown* and one *Stokes* should, by the 1st day of *November*, 1856, put an additional story on the building then under contract between *Brown* and *Judah*, for the further consideration of 1,700 dollars, to be paid on the completion thereof.

The answer claims that this agreement was such an alteration of the original agreement, as discharged *Zimmerman*, the surety.

The plaintiff demurred to the answer; the Court sustained the demurrer, and the plaintiff had judgment.

The record discloses nothing by which we can determine whether the contracts for erecting the building were fulfilled or not.    The inference from this second contract is, that the execution of the first had satisfactorily progressed up to the 5th of *June*, 1856.    And there is another letter

from Mr. *Judah*, set out in the answer, dated *September* 10, 1856, which admits due exertion on the part of *Brown* in the execution of his undertakings. But the decision of the case here, must rest on the single point, as to whether the second contract above set out was such an alteration of the first as to discharge the surety for the performance of it; and we thus conclude:

The second contract required an additional story to be put upon the building. The building could not be finished under the first contract until after that story was put on, as it could not, till after that, be roofed. That contract did, therefore, increase the difficulty and expense of, and tend to delay the completion of, the first contract, and did, therefore, materially affect its execution, though it states that it is not to do so. It, in fact, made *Zimmerman* surety for the completion by the 1st of *November*, 1856, of the walls of the additional story provided for by the second contract. See Chit. on Cont., 529, 530; Ind. Dig. 703.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*L. Barbour, J. D. Howland, H. W. Ellsworth*, and *S. A. Colley*, for the appellant (1).

*D. Wallace, J. Coburn, J. L. Ketcham*, and *I. Coffin*, for the appellee (2).

(1) Counsel for the appellant cited *Miller* v. *Stewart*, 9 Wheat. 681; *Lord Arlington* v. *Merricke*, 2 Saund. 412; *Pearsall* v. *Summerset*, 4 Taunt. 593; *The United States* v. *Boyd*, 15 Pet. 187; Chit. on Cont. (7 Am. ed.) 529; Ad. on Cont. 670; *Bangs* v. *Strong*, 7 Hill, 250; *Holland* v. *Hatch*, 11 Ind. R. 497, and cases referred to in text and note; *McMicken* v. *Webb*, 6 How. 292; *Nisbet* v. *Smith*, 2 Bro. Ch. 579; *Rees* v. *Berrington*, 2 Ves. Jr. 540; *Boultbee* v. *Stubbs*, 18 Ves. 20; *Croughton* v. *Duvall*, 3 Cal. R. 69; *Hill* v. *Bull*, 1 Gilm. 149; *Brigham* v. *Wentworth*, 11 Cush. 123.

(2) Counsel for the appellee cited, as to gratuitous indulgence, 4 Leigh, 622; 4 Watts, 446; 2 Hall, 185; 5 Wend. 501; 3 Mees. and Welsb. 268; 5 *id.* 250; 3 Penn. R. 439. They also cited 3 Blackf. 373; 4 Ind. R. 158, 283; 2 Pars. on Cont. 193; 2 Scho. and Lef. 470.