Judah *v.* Zimmerman.

*Henry S. Kelley,* for the appellant.

JUDAH *v.* ZIMMERMAN.

PRINCIPAL AND SURETY.—Any material alteration of a contract, without the consent of the surety, will discharge him. The liability of a surety can not be extended beyond the terms of his contract. To the extent, and in the manner, and under the circumstances pointed out in his obligation, he is bound, and no further. It is not sufficient that he may sustain no injury by a change, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract.

*Zimmerman* v. *Judah,* 13 Ind. 286, is approved and followed.

CONSTRUCTION OF CONTRACTS.—As to where several contracts, made at the same time, in relation to the same subject matter, and based upon the same consideration, will be construed as one contract, see opinion at length.

APPEAL from the *Marion* Circuit Court.

DAVISON, J.—The appellant, who was the plaintiff, brought an action against *Charles H. Brown* and *Christopher Zimmerman,* upon a promissory note in this form:

"$2,000.                         *Indianpolis, October* 13, 1855.

" One day after date, we promise to pay *Samuel Judah* 2000

Judah *v.* Zimmerman.

d'ollars, without relief from appraisement laws, for value received. C. H. BROWN,
" C. ZIMMERMAN."

Process, as to *Brown*, was returned " not found."

*Zimmerman* appeared and answered. His answer alleges, substantially, these facts:

At the time the note was executed, *Judah* and *Brown* entered into a written contract, by which *Brown* was to erect for *Judah*, a certain house, in the city of *Indianapolis*, to be completed and ready for occupancy by the 1st of *November*, 1856. The agreement fixes the amount to be paid, for the erection of the building, at 13,200 dollars; and, after fixing the times for the payment of various sums, amounting in the aggregate to 11,200 dollars, proceeds thus:

" As to the balance—2,000 dollars—it is agreed as follows: said *Judah* herewith advances to said *Brown*, as and for a loan, on a note payable one day after date, the said sum of 2,000 dollars, which note shall be satisfied by the completion of said building, as in this contract is provided; and which note, also, shall not become or be payable, so long as said *Brown* shall progress with the preparation of materials, and with the erection of said building, so as to warrant the superintendent of the building, in the reasonable expectation of the progress and completion of the work, as herein before provided. *October* 13, 1855.

" CHARLES H. BROWN,
" C. ZIMMERMAN.

Surety, *Samuel Judah*."

It is averred that the defendant signed said note and contract as the surety of *Brown*, and that the note, sued on, in this action, is the same note described in the above contract; that on the 5th of *June*, 1856, the plaintiff, without the con-

sent or knowledge of the defendant, made another written contract with *Brown* and one *Richard Stokes*, (who had become a partner of *Brown* in the erection of the building then under contract between *Brown* and the plaintiff,) whereby it was agreed that they, *Brown & Stokes*, should put an additional story thereon for the further consideration of 1700 dollars, to be paid on the completion thereof. It is further averred that on *September* 10th, 1856, the plaintiff, without the consent of the defendant, made a certain other contract, in writing, with *Brown & Stokes*, by which he, the plaintiff, in consideration that the house should be enclosed by the 1st of *November*, 1856, and the entire building should be completed by the first of *March*, 1857, agreed that he would be satisfied and would claim no damages on account of the delay of its completion. And the defendant says that, by reason of the taking of *Stokes* as a partner, and the contracts for the additional story, and the extension of the time for the completion of the house, without his knowledge or consent, he is discharged of all liability on his contract of suretyship.

Plaintiff demurred to the answer; the Court sustained the demurrer and rendered final judgment against the defendant for the amount of the note and interest, &c. This judgment, upon appeal to the Supreme Court, was reversed. See 13 Ind. 286. And the cause having been remanded, &c., and being for trial in the lower Court, the plaintiff replied to the answer—

1. By a denial.

2. That the pretended alterations, alleged in the answer, to have been made, never were consummated, but were abandoned after being written out and signed by the parties; that the work upon the building, so far as it was performed, was done under the original contract, and that *Brown* abandoned the work, left the building in an unfinished state, and wholly failed to comply with his undertaking.

3. That *Brown* failed in all respects and at all times to comply with his contract for the building of the house, and did not, at any time, "progress with the preparation of materials and erection of the building, so as to warrant the superintendent in the reasonable expectation of the progress of the work," as is provided in the contract.

4. That defendant is estopped from pleading the facts set up in the answer by the following clause in the contract, viz: "As to the balance, 2,000 dollars, it is agreed as follows: said *Judah* herewith advances to said *Brown*, as and for a loan on a note payable one day after date, the said sum of 2,000 dollars, which note shall be satisfied by the completion of said building as in this contract provided."

Plaintiff demurred to the second, third and fourth paragraphs of the reply. To the second and third the demurrers were overruled, but to the fourth it was sustained.

The issues thus formed were submitted to a jury, and, during the progress of the trial, the defendant, by leave, &c., filed a second paragraph to his answer. In this it is alleged, *inter alia*, that the plaintiff, without the consent or knowledge of the defendant, anticipated the period of payment, and deviated from the contract by paying to *Brown* various sums of money, in the aggregate amounting to 2,000 dollars, long before they were due.

The plaintiff excepted to the ruling of the Court in permitting the second paragraph to be filed, and the cause, on plaintiff's motion, was continued. After this, the defendant put in a third paragraph to his answer, alleging therein that sundry changes, which are specifically stated, were made in the building by *Brown* during the progress of the work, at the instance of the plaintiff, and without the knowledge or consent of the defendant.

Plaintiff demurred severally to these second and third paragraphs, but his demurrers were overruled, and thereupon he

replied. His replies are in effect the same as the first, second and third replies to the first paragraph of the answer. There was a verdict for the defendant, and the Court, having refused a new trial, rendered judgment, &c.

Upon the facts alleged in the first defence we have in effect decided that the note in suit, and the original agreement, having been executed at the same time, and having relation to each other, constitute but one contract, and the second contract, which bears date *June* 5th, 1856, "was such an alteration of the first as to discharge the defendant, who was a mere surety." *Zimmerman* v. *Judah*, 13 Ind. 286. It is true the agreement states the amount of the note to have been advanced "as and for a loan;" but the stipulation that the note was to be "satisfied by the completion of the building as in the contract provided," at once shows that the money so advanced was not intended by the parties as a loan merely, but as a penalty to be recovered back in the event only of a failure to perform the agreement. This construction being correct, it follows, the defendant being a surety, that any material alteration of the original contract as to the erection of the house, or the time of completion, without his assent, would release him from all liability. Chitty on Cont. 529, 530. "Nothing," says Judge *Story*, "can be clearer, both on principle and authority, than the doctrine that the liability of a surety is not to be extended beyond the terms of his contract. To the extent and in the manner, and under the circumstances, pointed out in his obligation he is bound, and no farther. It is not sufficient that he may sustain no injury by a change in the contract, or that it may even be for his benefit. He has a right to stand upon the very terms of his contract; and if he does not assent to any variation of it, and a variation is made, it is fatal." *Miller* v. *Stewart*, 9 Wheat. 680.

In this case the second and third contracts were in writing,

Judah *v.* Zimmerman.

were based upon considerations which the law deems sufficient, and were binding on their parties. Under the second contract an additional story was to be put on the building, and the third extended the time of its completion. These, it must be conceded, were material changes of the original contract for the performance of which the defendant was surety.

The next inquiry relates to the validity of the fourth reply. Was the defendant estopped from pleading the facts set up in his answer? The point involved in this inquiry has been decided in *Zimmerman* v. *Judah, supra,* and we are inclined to adhere to that decision. There, it was held "that under a proper construction of the agreement, the money advanced by *Judah* was not intended by the parties as a loan merely, but as a penalty to be recovered back in the event only of a failure to perform the agreement." This being the case, there was no estoppel, and the demurrer to the reply was well taken.

The reasons for a new trial, so far as relied on, are thus assigned:

1. The refusal of the Court to instruct as moved by the plaintiff.

2. The instructions given were erroneous.

3. The verdict was unsustained by the evidence.

The instructions given, as also those refused, relate mainly to the same questions involved in the demurrers, which we have noticed, and upon which we have given an opinion. And as to the evidence, though it is to some extent conflicting, we think its weight sustains the verdict.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. Major,* for the appellant.

*Barbour & Howland,* for the appellee.