## VOILES *v.* GREEN, ADM'R.

PROMISSORY NOTE.—*Additional Surety.*—*Alteration.*—Adding a name to a note as an additional surety, with the assent of the payee, and with the assent and at the request of the personal representative of the original surety, and with the agreement that the estate should not be released, was not such an alteration as would release the estate of the original surety.

From the Washington Common Pleas.

*T. L. Collins* and *A. B. Collins*, for appellant.

*H. Heffren, S. B. Voyles*, and *J. G. Lawler*, for appellee.

OSBORN, J.—This was an action by the appellant against the appellee as administrator, etc., of the estate of Daniel Voiles. A demurrer to the complaint for want of sufficient facts was sustained, to which an exception was taken.

The error assigned is in sustaining the demurrer to the complaint.

The allegations in the complaint show that on the 15th of

December, 1862, John C. Voiles and Daniel Voiles gave their joint and several note to Robert Brown for five hundred and fifty-four dollars, payable one day after date. Daniel Voiles was surety for John C., who was appointed executor of his will. After his appointment, and while he was acting as such executor, Brown threatened to sue the estate on the note and demanded payment thereof. John C., for himself and as executor of the estate of Daniel, to prevent the suit, agreed to and with Brown to give him additional surety on the note. In pursuance of such agreement, the appellant, with the express agreement and understanding between himself, Brown, and John C., that the estate of Daniel should not be in any manner released, but that it should remain liable as it then was, and that in signing the note he should do it as surety for John C. and the estate of Daniel; in consideration of all of which, the appellant signed the note as additional surety. Afterward an action was instituted on the note and judgment recovered against the appellant and John C. in the Washington Common Pleas Court for five hundred and ninety-four dollars and sixty cents, which the appellant was compelled to pay, and on the 8th day of July, 1871, he paid six hundred and three dollars and fifty-five cents, the amount of principal and interest due on the judgment. John C. is and was at the time of the rendition of the judgment wholly insolvent. John C. has ceased to be the executor of the estate, and the appellee has been appointed and is acting as administrator of. the estate with the will annexed.

The complaint was sworn to.

The appellee seeks to maintain the judgment on the ground that there was such a material alteration of the note as released the estate. He refers to *Judah* v. *Zimmerman*, 13 Ind. 286; same parties, 22 Ind. 388; *Harbert* v. *Dumont*, 3 Ind. 346; and other authorities showing that any material alteration of the contract without the assent of the surety releases him.

They are not applicable to the case at bar. In this case,

the name of the appellant was added not only with the assent, but at the request of the personal representative of the original surety, and with the express agreement that the estate should not be released.  It is averred in the complaint that the principal in the note was the executor of the estate of the surety; that for himself and as such executor he agreed with the payee of the note to give additional surety, and in pursuance of that agreement and with the express agreement that his signing the note should not release the estate, and that he should sign it as surety for both the principal and the estate of the surety, he signed the note as such additional surety.

We need not decide whether adding the name of the appellant to the note as an additional surety, without the assent of the original surety or his personal representative, was such an alteration as would have released him.    But see *Cobb* v. *Titus,* 10 N. Y. 198 ; *McCaughey* v. *Smith,* 27 N. Y. 39; *Brownell* v. *Winnie,* 29 N. Y. 400; *Bowser* v. *Rendell,* 31 Ind. 128.

The judgment of the said Washington Common Pleas is reversed, with costs.·    Cause remanded, with instructions to overrule the demurrer to the complaint, and for further· proceedings in accordance with this opinion.