### VOILES ET AL. *v.* VOILES.

PLEADING.—*Answer to Assignment of Error.*—Where, after the allowance of a claim against an estate, in favor of the administrator, and after appeal therefrom to the Supreme Court by the heirs and legatees, the claim was paid, and a final report was filed by the administrator, and final settlement was made by him, and he was allowed the amount of the claim as a credit and was finally discharged as administrator, these facts could not be pleaded by him in bar of the assignment of error and appeal.

WITNESS.—*Contract with Administrator.*—A party holding a claim against an estate, based on a contract made with the administrator, is a competent witness in his own behalf.

From the Washington Circuit Court.

*H. Heffren* and *J. C. Lawler*, for appellants.

*T. L. & A. B. Collins*, for appellee.

BUSKIRK, J.—The appellee filed a claim against the estate of Daniel Voiles, deceased. During the pendency of the claim, the executor resigned, and the appellee was appointed administrator *de bonis non* with the will annexed, and thereupon the heirs and legatees of the decedent were made parties. Issue was formed, and the cause was submitted to the court for trial, who found for the appellee, and, over a motion for a new trial, rendered judgment on the finding. From such judgment the heirs and legatees have appealed, and

assigned for error the striking out of the second paragraph of the answer and overruling the motion for a new trial.

The appellee has answered the assignment of errors by a denial and a second paragraph, as follows:

" 2. And for second answer to said assignment of error, said appellee says, that on the 20th day of January, 1874, at the January term of the Washington Circuit Court, by the consideration of said Washington Circuit Court, he, the said appellee, recovered an allowance against the estate of Daniel Voiles, deceased, for the sum of seven hundred and four dollars and thirty-three cents, being the same judgment and allowance mentioned in the record in this cause; and said appellee says that at that time, to wit, the 20th day of January, 1874, he was acting administrator *de bonis non* with the will annexed of the estate of said Daniel Voiles, deceased; and said appellee says that afterwards, to wit, on the 3d day of April, 1874, more than sixty days after the making of the allowance and rendering the judgment in the record in this cause mentioned, the appellee, as such administrator *de bonis non* of the estate of Daniel Voiles, deceased, at the March term, 1874, of the Washington Circuit Court, being the same estate mentioned in the record in this cause, filed his final report as such administrator, and fully and finally settled said estate, which report was in all things fully approved and confirmed by the court, and said administrator was fully and finally discharged from all further duty and liability, and said estate was, by order of said court, declared finally settled. A copy of said report and order and proceedings of said court thereon is filed herewith and made part hereof, marked ' A.' And said appellee says said final report was made, approved and confirmed by order of said court, and said estate finally closed and settled by said court, long before the appeal in this cause was taken and perfected. And said appellee says that said final report and settlement and said order of said court remain in full force and effect, and that the same have not been appealed, reversed, annulled, or set aside. Wherefore appellee demands judgment," etc.

To the second paragraph of the answer, the appellant has demurred, upon the ground that it does not state facts sufficient to constitute a bar to his appeal and assignment of errors, and this is the question we are required to decide.

In our opinion, the demurrer is well taken and should be sustained.

The appellee recovered a judgment against the estate of Daniel Voiles, deceased, from which an appeal was taken to this court. Soon after the rendition of this judgment, the appellee made a final settlement of such estate, and was finally discharged. In such settlement, the judgment in favor of the appellee was allowed as a valid claim against said estate, and was paid to appellee. Such settlement may be opened up and set aside for fraud or mistake, at any time within three years. Such settlement does not become conclusively binding until the expiration of three years from the time it was made. See *Holland* v. *The State, ex rel. Fenton*, 48 Ind. 391, where most of the cases are cited.

It would not avail the appellants to obtain a reversal of the judgment appealed from, unless they can also have the settlement set aside; nor would it aid the appellants to have the settlement opened, if the judgment in this action is affirmed. They have, therefore, to obtain a reversal of the judgment and the opening up of the settlement. They have the right to pursue both remedies at the same time, or one at a time.

The demurrer is sustained to the second paragraph of the answer.

DOWNEY, J.—The general facts of this case are stated with sufficient particularity in the opinion on the demurrer to the second paragraph of the answer to the assignment of errors. The case was here before. See *Voiles* v. *Green*, 43 Ind. 374.

The first alleged error is not urged by counsel. The ground of the motion was, that the second paragraph of the answer amounted only to a general denial, and was therefore

unnecessary. If the fact is as alleged, the ruling was not an error.

The question is presented, under the second assignment of errors, as to the competency of the appellee as a witness in his own behalf. The question presented, although the parties are a little changed, is to be decided upon the facts as stated in the case when here before.

The claim of the appellee was not predicated on a contract with the deceased, but on a contract between him and an administrator of the estate. The exclusion of the party asserting a claim against an estate proceeds upon the ground that the other party to the contract is dead, and cannot be a witness to meet the alleged claim. When, however, the contract has been made with the personal representative of the deceased party, neither the reason for the rule nor the rule itself is applicable. The rule excluding the party making the claim is, by the express language of the statute, subject to an exception, where the case arises upon a contract made with the executor or administrator of the estate. 3 Ind. Stat. 560, sec. 2.

In our opinion, the witness was competent.

We think that, upon the evidence in the record and the law applicable thereto, the case was rightly decided in the circuit court.

The judgment below is affirmed, with costs.