## CRAVENS ET AL. *v.* KITTS.

CONVEYANCE.—*Deed Intended as Mortgage.*—*Verbal Promise to Reconvey.*— *Sale by Mortgagee.*—*Complaint by Mortgagor's Widow, for Partition and to Quiet Title.*—*Fraud.*—In an action to partition and quiet title to lands of an intestate, brought by the widow against the heirs and A. and B., the complaint alleged, that the intestate died seized of the lands in fee-simple, and that the widow and heirs had been continuously in possession thereof since his death, except during a period when they were absent from the State ; that, in the lifetime of her husband, and contemporaneous with his enlistment in the army, she joined with her husband in a warranty deed of conveyance of the lands to A., to secure the payment of a debt of one hundred dollars, which A. falsely represented to her was owing to him from the husband, and to secure certain sums of money which A. was to pay on other debts, which he falsely represented to her were owing from her husband to third persons ; that A., at the time, verbally promised them to reconvey the lands on request, upon payment to him of the sums thus secured ; that, within a few days after the death of the husband, A. conveyed the lands to B. for three thousand dollars, being the actual value thereof at the time of such conveyances ; that B. had paid to A. eight hundred dollars of the purchase-money, and the residue remained yet due; that certain Missouri lands, which A. proposed to convey to her husband "were wholly worthless for any purpose ; " and that the lands, when conveyed to A., were subject to a certain mortgage which remains unpaid.

*Held*, on demurrer by A. and B., that the complaint is sufficient.

SAME.—*Answer of Failure to Tender Reconveyance of Consideration.*—A. answered such complaint, alleging that part of the consideration for the conveyance to him was a title-bond, executed by him to the husband "to certain real estate in Missouri ; " that afterward, on the request of the husband, he conveyed such lands to a son of the latter ; and that no re-conveyance had been tendered.

*Held,* on demurrer, that the answer is insufficient.

SAME.—*Estoppel.*—*Declaration to Purchaser by Mortgagor in Possession.*— *Notice.*—B. answered such complaint, alleging that, prior to his purchase of the lands, he caused inquiry to be made of the decedent in his lifetime, "as to what interest he had in the" lands, to which he replied that he was "in possession merely as" A.'s tenant ; and B. alleged that thereupon he purchased the lands, relying upon such statement, without notice of the fraudulent representations and for value.

*Held,* on demurrer, that the answer is insufficient.

SAME.—*Widow.*—*Witness.*—The widow is an incompetent witness, in such an action, as to any matter relating to the alleged agreement to reconvey.

From the Ripley Circuit Court.

*B. Harrison, C. C. Hines* and *W. H. H. Miller,* for appellants.

*E. P. Ferris, W. W. Spencer* and *J. D. Skeen,* for appellee.

PERKINS, J.—Suit for partition and to quiet title. The complaint is in two paragraphs, of which the following is a copy of one :

" Sarah Kitts complains of the defendants, and says, that, on the 14th day of October, 1873, David H. Kitts departed this life intestate, and the owner in fee-simple of the following real estate, in Ripley county, Indiana, viz., the east half of the north-west quarter of section 27, and all of the north half of the north-east quarter of said section 27 that lies west of the old plank road, all in township 8 north, of range 11 east, containing one hundred and twenty-four acres, more or less ; and that the north half of the last described tract was encumbered with a mortgage to the surplus revenue school fund, to the amount of $139 ; and plaintiff avers that she is the widow of said David H. Kitts, deceased, and as such is entitled to the one-third in

value of said real estate.    And she says that Sarah E.
Pribble is a daughter of said David H. Kitts, and the wife
of her codefendant John S. Pribble, and that James Kitts
is a son, and Arvilla P. S. Sallie is a granddaughter of
said David H. Kitts, the only child of Jane Sallie, formerly
a daughter of said David H. Kitts, but who died in August,
1873; and plaintiff says that Jacob Kitts and Mary Kitts
are each minors and the children of said David H. Kitts,
and that these are all his legal heirs and representatives.
And the plaintiff says that the children and grandchildren
of said David H. Kitts, as above named, are each entitled
to one share in the remaining two-thirds of said real estate
aforesaid.

"And plaintiff says, that, on the 13th day of January,
1864, she and her husband mortgaged said real estate, by a
warranty deed in form, to James H. Cravens, on the fol-
lowing condition : That said Cravens represented to plain-
tiff that David H. Kitts was indebted to him in the sum
of one ·hundred dollars, or near that amount, and said
David H. Kitts was then about enlisting in the army, and
that, when he returned from the army, he, said Cravens,
would reconvey said land to said Kitts at any time when
desired to do so, on receipt of the money expended for the
benefit of said Kitts by said Cravens.    And plaintiff says,
that said Kitts remained in the possession of said premises,
and his family resided on said land all the time except
about three years, when they removed to the West, and re-
turned on the —— day of October, 1871 ; and plaintiff
says she is now in possession of said premises, and
has been for two years last past; and plaintiff says, that,
on the 31st day of October, 1873, said Cravens deeded said
land to William D. Willson for the sum of three thousand
dollars, of which two thousand are yet unpaid; and
plaintiff says, that, at the time she and her husband mort-
gaged said land to said Cravens, and at the time he con-

veyed said land to said Willson, the land was of the value of three thousand dollars; and plaintiff asks that one-third part in value of said land be set off to her, and that her title be quieted," etc.

In the other paragraph, plaintiff says, that, to induce her to sign said mortgage, said 'Cravens represented to her, among other things, that her husband was largely indebted, and, unless the farm was conveyed to him, they would soon be out of a house and home, etc., which she denies to have been true. And, further, that a parcel of Missouri land which said Cravens proposed to convey to said Kitts "was wholly worthless for any purpose."

Demurrers to the complaint by Cravens and Willson were overruled, and exceptions saved.

Answer of defendants Cravens and Willson jointly:—
The general denial.

Said Willson answered, in a separate paragraph, that, " before he purchased the real estate named in the complaint, of his codefendant James H. Cravens, he caused inquiry to be made of the said David H. Kitts, as to what interest he had and owned in said real estate, and was informed by said Kitts that he had no interest therein, but was in possession merely as a renter under the said James H. Cravens; and that, relying upon the said representations, he purchased the said real estate in good faith, and for a valuable consideration, and without notice of the frauds alleged."

Said James H. Cravens, for separate and further answer, said, that, for a part of the consideration of the purchase of said land, he made and executed a title-bond to certain real estate in Missouri, and afterward, at the special instance and request of said Kitts, executed a deed to the same to James Kitts, a son of said David H. and Sarah Kitts, and that a deed for said land, reconveying the same, has not been tendered to him, etc.

Demurrers to the second and third paragraphs of answer were severally sustained, and exceptions entered.

Trial by jury; general verdict as follows:

" We, the jury, find for the plaintiff.

" H. KNOWLTON, Foreman "

Accompanying the verdict were the following answers to interrogatories:

" 1.   Was the deed from David H. Kitts and Sarah Kitts, plaintiff, to James H. Cravens, signed by her in the office of the defendant Cravens, or the drug store of Jehiel H. Mullen, and who were present when it was signed?

" Ans. 1st.   In the office of James H. Cravens.

" Ans. 2d.   James H. Cravens, David H. Kitts and Sarah M. Kitts.

" 2.   Did the plaintiff, Sarah Kitts, go to the place where she signed the deed, for the purpose of signing a deed, and, if so, to whom and for what land?

" Ans.   She did not.

" 3.   If she went to sign a deed, did she afterward change her mind and conclude not to sign a deed, and, if so, at what time and where? ·

" Ans.   She did not go to sign a deed, but was afterward induced to sign it.

" 4.   Were any representations made to the plaintiff, Sarah Kitts, by defendant Cravens, before she signed the deed? if so, what were the representations, when were they made, and if made were they false, and if made were they relied upon by her, and would she have signed the deed but for the representations?

" Ans.   He did make representations, in substance, that her husband was much involved in debt, and that there was a school-fund mortgage upon the property, and, unless they deeded that property to him, the officers of the law would come in and take their property from them, and that, if they would deed the property to him, he would

pay off said mortgage, and pay the taxes on the property, while he, Kitts, was in the army, and that, when he, Kitts, paid back to him the amount thereof, he, Cravens, would reconvey the land to them. These representations were made at the time of signing the deed, and were false, but were relied upon by the plaintiff, and she would not have signed the deed, only for the representations.

"H. KNOWLTON, Foreman."

A motion for a new trial was overruled, and judgment quieting title and for partition rendered. Exceptions were saved.

Commissioners to make partition were appointed and qualified, and they discharged that duty, giving one-third of the land to Mrs. Kitts, and two-thirds to Willson, the purchaser from Cravens, leaving the latter with eight hundred dollars he had received in his hands.

The errors assigned on appeal to this court are:

1. The overruling of the separate demurrers to the paragraphs of the complaint;

2. The sustaining of the demurrers to the affirmative paragraphs, severally, of the answers;

3. The overruling of the motion for a new trial.

We proceed to consider the errors assigned.

The court did not err in overruling the demurrers, severally, to the paragraphs of the complaint. Those paragraphs showed that the conveyance by Kitts to Cravens, though absolute in terms, was but a mortgage. This fact could be shown by parol evidence, and was properly averred in the complaint. See the cases collected in 2 Davis New Ind. Dig. p. 981; *Butcher* v. *Stultz*, 60 Ind. 170. Those paragraphs showed further, that the amount, the payment of which was secured by said mortgage, was about one hundred dollars, to which were to be added amounts that might be advanced by Cravens to or for Kitts; that, on the seventeenth day after the death of Kitts, Cravens wrongfully sold said real estate to

one Willson, receiving cash in hand, on said sale, several hundred dollars over and above what his claims on Kitts amounted to, so that he had more than reimbursed himself out of the property, as well as disabled himself to reconvey it.

To state the matter shortly: The complaint showed that the property of which partition was sought was mortgaged. And if partition can be had of real estate under mortgage, then the complaint in this case was good. That such may be the case, and that all equities may be adjusted in the partition suit, is settled law in this State. *Francis* v. *Porter*, 7 Ind. 213; *Godfrey* v. *Godfrey*, 17 Ind. 6; *Milligan* v. *Poole*, 35 Ind. 64.

The court did not err in sustaining the demurrer to the second paragraph of the answer of Willson. It asserted, that, before he purchased of Cravens, he inquired of Kitts as to his interest in said real estate, and received for answer that he had none; but the paragraph did not aver that he informed Kitts of his intention to purchase the land. Hence, the answer of Kitts created no estoppel. *Williams* v. *Jackson*, 28 Ind. 334.

Again, he purchased while the appellee was in possession, and this fact might have been notice to him of her right in the property. *Johnston* v. *Glancy*, 4 Blackf. 94; *Crassen* v. *Swoveland*, 22 Ind. 427. Further, he had notice before the payment of all the purchase-money. Hence, for this reason, he can not be regarded as a *bona fide* purchaser. *Lewis* v. *Phillips*, 17 Ind. 108.

The second paragraph of Cravens' answer does not show the location of the Missouri land alleged to have been conveyed, its quality nor value. It may have been no more than a foot square, and worthless. If we suppose that to be included in the contract, as a part of what Kitts was to reimburse Cravens for, on redemption of his farm, it is not shown that it, with the other items, amounts to the cash

payment of $800, received from Willson by Cravens. We can not say that the court erred in sustaining the demurrer to it—that the defendant was in any way injured by this ruling. We may add, that, as a paragraph of answer, it neither denied nor avoided the allegations in the complaint.

We proceed to the third and last error assigned, viz., the overruling of the motion for a new trial.

The causes assigned in the motion for a new trial were :

1st. Verdict contrary to law and unsustained by evidence;

2d. Specified errors of law occurring at the trial.

These will be considered.

As to the first cause assigned for a new trial, we can not say that it exists.

As to the second, counsel make it more definite in their able brief. We quote :

" The next point we make is, that the court erred in the admission and exclusion of testimony. The court allowed Mrs. Kitts, the plaintiff, to testify to matters that occurred prior to the death of her husband, but refused to permit the defendant Cravens to testify as to such matters."

We copy from the bill of exceptions :

" Sarah Kitts, being duly sworn as a witness, testified as follows :

" I am the plaintiff, and the widow of David H. Kitts, deceased, and the same who made the deed to James H. Cravens for the land in dispute ; David H. Kitts died October 14th, 1873." Here the defendant objected to the competency of Mrs. Kitts to testify as a witness, in this case, as to any matter which occurred prior to the death of David H. Kitts, for the following reasons :

1. Because the suit is on a contract made with her husband, during his life, and hence is a suit by her, as the heir of her husband, to set aside the said contract, and thus affect real estate.

2. Because it is a suit by an heir, on a contract with, and to affect real estate owned by, him. Objection overruled by the court, and the defendants at the time excepted; and the witness testified generally and fully as to all matters in controversy in the cause, those occurring before, as well as after, the death of Kitts.

The following is the provision of the statute:

"That in all suits by or against heirs, founded on a contract with or demand against the ancestor, the object of which is to obtain title to or possession of land or other property of such ancestor, or to reach or affect the same in any other way, neither party shall be allowed to testify as a witness as to any matter which occurred prior to the death of such ancestor, unless required by the opposite party or the court trying the cause," etc.  2 R. S. 1876. p. 135.

We have already seen, that Mrs. Kitts was allowed to testify generally. James H. Cravens, a defendant below and a party to the contract of conveyance of the land in question in this suit, was introduced as a witness, on the part of the defence. At a certain point, the bill of exceptions states: "Here the defendants offered to prove by the witness, that he traded to Kitts one hundred and sixty acres of land in Benton county, Missouri, and assumed payment of the school mortgage and the taxes then due on the place, and to let the family of Kitts remain on the place a year, free of rent, for the place in suit, the plaintiff not being present when the trade was made." The plaintiff objected, the court sustained the objection, and the defendants, at the time, excepted.

As to the testimony of Mrs. Kitts, it seems to us, that, according to the decisions of this court, heretofore made, the court erred in overruling the objections to Mrs. Kitts' testifying to matters occurring prior to the death of her husband.

There are two provisions in the 2d section of the act defining who shall be competent witnesses, etc., the second of which we have copied above. The first relates to cases in which administrators, executors and guardians are parties, and the second to those in which heirs are parties. The subject-matters of the suits, under the sections, may be different, but their construction, as to the competency of witnesses, must be governed by the same rule.

In *Goodwin* v. *Goodwin,* 48 Ind. 584, it is said, in the opinion of the court: "It is urged that this statute is not applicable in this case, because no judgment could be rendered for or against the estate represented by the executor. If the statute is to be literally understood, this is true. But this court has not regarded the very letter of the statute in putting a construction upon it. On the contrary, it has rather sought so to construe it as to give effect to the obvious intention of the Legislature in its enactment. *Ketcham* v. *Hill,* 42 Ind. 64; *Peacock* v. *Albin,* 39 Ind. 25." *Hoadley* v. *Hadley,* 48 Ind. 452; *Malady* v. *McEnary,* 30 Ind. 273; *Skillen* v. *Skillen,* 41 Ind. 260; *Voiles* v. *Voiles,* 51 Ind. 385; *Denbo* v. *Wright,* 53 Ind. 226.

The judgment is reversed, with costs; cause remanded for another trial, etc.

Petition for a rehearing overruled.