No. 14,104.

## FOSTER ET AL. *v.* GASTON ET AL.

CONTRACTOR'S BOND. — *Mechanic's Lien.— Agreement to Procure Loan.— Pleading.*—To an action upon a contractor's bond of indemnity against loss from mechanic's liens created upon the building, it being alleged that the plaintiffs had to pay for liens for work, labor, etc., which the defendants had failed to discharge, it was answered by one of the contractors that the plaintiffs had agreed to procure for them a loan, but had failed to perform their agreement in part, whereby they were unable to pay off the liens for material used, and labor done in the erection of the building.

*Held*, that such answer is bad, since it fails to aver any facts from which the damages sustained by the contractors can be ascertained so they may be set off against the claim of the plaintiffs.

SAME.—*Building.—Contract.—Promissory Note in Part Payment.—Surety.— Release.*—Where a promissory note of a third person, who afterwards becomes insolvent, is accepted in part payment for the construction of a building, such acceptance, although without the knowledge of the surety upon the contractor's bond, does not constitute such a change in the contract as to release the surety, the contractor, in the absence of a prohibition, having the right to waive payment in money.

SAME.—*Payments.—Security.—Release of Surety.*—Where a building contract gives no power to withhold payments, to direct their application to the payment of the debts of the contractors, or to apply them in

payment thereof, payments to be made do not constitute a security in the hands of those for whom the building is being constructed for the faithful performance of the contract, and the transfer of the note as above, in part payment, does not operate as a discharge of the surety *pro tanto.*

SAME.—*Account.—Admissibility of.—Instruction to Jury.*—In the present action a statement of account between the plaintiffs and the contractors showing a balance in favor of the defendants, which the evidence showed to have been afterwards paid, was read in evidence by the plaintiffs.

*Held,* that such evidence was admissible, the jury having been instructed that it was *prima facie,* but not conclusive, evidence against the surety.

SAME.—*Property.—Identity.*—The surety having defended against the actions previously brought to enforce the mechanic's liens against the property, and the parties to the litigation having acted upon the assumption that the property against which the parties named in the complaint were seeking to enforce their liens was the building erected under the contract upon which the appellant was surety, the verdict in the action on the bond can not be successfully assailed upon a motion for a new trial on the ground that the property upon which the mechanic's liens were enforced, was not the same property described in the contract between the contractors and the plaintiffs.

From the Marion Superior Court.

*S. Claypool* and *W. A. Ketcham,* for appellant.

*J. L. McMaster, A. Boice, J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellees.

COFFEY, J.—On the 2d day of June, 1876, John M. Gaston, Flavius J. VanVorhis, George D. Vincent, and Judson A. Goodrich entered into a contract in writing, by the terms of which the said Vincent and Goodrich agreed to furnish the material and construct for the said Gaston and VanVorhis a business block on the land named in the contract, situate in the city of Indianapolis, according to certain plans and specifications, for the sum of $22,125. Six thousand dollars of said sum was to be paid by the conveyance by VanVorhis of certain described real estate in the city of Indianapolis, and the remaining sixteen thousand one hundred and twenty-

five dollars was to be paid, as the work progressed, upon estimates by the superintending architect.

Said contract contains the following clause, viz.: "And it is further agreed by and between the said parties that the said Vincent and Goodrich shall pay any and all wages of artisans and laborers, and all persons they may employ, or contract with, to do any work or labor upon or about the said building, and any and all persons furnishing any material or materials therefor, and save harmless from and indemnify the said John M. Gaston and Flavius J. VanVorhis against any and all loss, costs, attorney fees, or other expenses of whatever nature, caused by reason of any lien, or liens whatever, which may be created upon the said building, or upon the ground upon which it is erected, by any laborer, artisan, sub-contractor, or person furnishing materials for said building."

At the time of the execution of the contract above referred to the said Vincent and Goodrich executed and delivered to the said Gaston and Van Vorhis a bond, in the penal sum of eight thousand dollars, with the appellee Foster as surety thereon, to secure the faithful performance of said contract. The bond recites the execution of said contract, and contains the following condition:

"Now, should the aforesaid contractors, Vincent and Goodrich, construct and complete the said building as aforesaid, and protect and save the said Gaston and Van Vorhis against any and all loss, costs, attorney fees, or other expenses of whatever nature, caused by any lien or liens which may be created upon said building, or the real estate upon which it is to be placed, by any sub-contractor, laborer or artisan, or person furnishing materials therefor, then this obligation to be null and void, otherwise to be and remain in full force and effect."

This suit is based upon the bond above referred to, a copy of which is set out in the body of the complaint. The complaint alleges that the said Vincent and Goodrich completed

the building provided for in the contract, and that the appellees fully complied with the terms of said contract on their part.

It alleges as breaches of said bond:

*First.* That said Vincent and Goodrich failed to pay a claim in favor of Laurel and Marneff in the sum of six hundred and forty-three dollars for material furnished for said building, and for work and labor done and performed in the erection of the same, for which a mechanic's lien was filed and recorded against said building and the real estate upon which the same was erected; that said lien was afterwards foreclosed, which, with the costs and attorney fees, the appellees were compelled to pay to save said building and real estate from sale, which claim, interest and costs, when paid by appellees, amounted to eight hundred and seventy-two dollars and fifty-four cents.

*Second.* That said Vincent and Goodrich failed to pay a claim in favor of one Over amounting to forty-nine dollars and nine cents for materials furnished for the construction of said building, which became a lien upon said building and said real estate, and which the appellees were compelled to and did pay to save said building and real estate from sale, which claim, with the interest and costs thereon, amounted to sixty-six dollars and sixty-nine cents.

*Third.* That said Vincent and Goodrich failed to pay a claim in favor of Henry and Johnson for materials furnished and used in the construction of said building, amounting to three hundred and sixty-nine dollars, which became a lien on said property, and which appellees were compelled to and did pay, except the sum of twenty-nine dollars, to save said property from sale for the payment of the same; that the amount so paid by the appellees was four hundred and thirteen dollars and ten cents.

It is alleged that suits were prosecuted on these several claims in the superior court of Marion county, and that notice was served by the appellees upon the appellant Foster

to defend the same ; that he did defend the same in the name of the appellees, and appealed the same in their name to the Supreme Court of the State, where the decree of the Marion Superior Court enforcing the same as mechanic's liens against said property was affirmed.

There was a return of not found as to the said Goodrich. The appellant Vincent appeared and answered.

The second paragraph of his answer avers that he was induced to enter into the contract to accept the six thousand dollars in real estate as provided for in said contract by means of the false and fraudulent representations of the appellee VanVorhis as to its value ; that by means of said representations he and the said Goodrich were induced to and did believe the same to be of the value of six thousand dollars, when, in truth and in fact, the same was of the value of four thousand five hundred dollars only.

The fourth paragraph of his answer avers that the appellant Vincent and the said Goodrich, were induced to accept a note on one Joseph Moore for the sum of six hundred dollars as part pay for the erection of the building named in the contract, by means of false and fraudulent representations as to the solvency of the said Moore ; that the said Moore was wholly insolvent, and was, soon after the acceptance of said note, adjudged a bankrupt, by reason of which said note was lost.    Appellants sought to set off the amount represented by said note against any sum found due appellees in this suit.

The fifth paragraph of his answer is pleaded as a partial defence, and avers, substantially, that as an additional consideration to induce the appellant Vincent and the said Goodrich to execute the contract for the erection of said building, and accept said real estate at $6,000, appellees agreed to procure for them a loan of $3,000 on said real estate, to enable them to pay the expenses of the erection of said building; that during the progress of said work, they notified appellees that they required said loan of $3,000, when

the appellees referred them to one Francis Smith, a loan agent, who declined to loan more than $2,000 on said real estate ; that upon the advice of the appellees, and upon their agreement to loan the said Vincent and Goodrich $1,000 more on said real estate, and take a second mortgage thereon to secure the same, they accepted said loan of $2,000, and applied the same towards the expenses of erecting said building ; that the said appellees, in violation of their said agreement, afterwards refused to loan the appellant and the said Goodrich said $1,000, by reason of which they were unable to pay off the liens for materials used and work and labor done in the erection of said building.

To the fifth paragraph of this answer the court sustained a demurrer, and the appellant Vincent excepted.

The appellant Foster filed an answer in seven paragraphs. The court sustained a demurrer to the third and seventh paragraphs of said answer and the appellant Foster excepted to this ruling of the court. The appellees filed a joint reply to the answer of Foster, the first being a general denial. They also each filed separate replies to the second paragraph of Foster's answer. To some of these replies the court sustained a demurrer, and overruled it as to the others, to which exceptions were reserved. Upon issues formed, a trial was had resulting in a verdict for the appellees, upon which the court rendered judgment. The court overruled a motion for a new trial, and appellants each excepted. Appellant Foster, also, moved the court for judgment in his favor on the answers of the jury to special interrogatories, which motion was overruled, and he excepted.

The assignment of errors properly calls in question the above several rulings of the superior court.

The first question presented by the record for our consideration relates to the ruling of the court in sustaining the demurrer to the fifth paragraph of the separate answer of the appellant Vincent.

Assuming, without deciding, that the contract set up in

this answer falls within the rule announced in *Welz* v. *Rhod-ius*, 87 Ind. 1, as subsequently modified, and that it is so far independent of the written contract between the parties as to authorize oral proof of its existence, and that the original contract to loan three thousand dollars, as well as the sub-sequent contract to loan one thousand, was based upon a sufficient consideration, still we do not think the court committed any available error in sustaining a demurrer to this answer. When sued upon his written agreement to dis-charge liens upon the property, it is not a complete defence for the appellant Vincent to say that he did not pay them because appellees did not loan him the money with which to discharge them. The appellees, by reason of the failure of the appellant Vincent and his co-contractor to pay for the material used in the construction of the building, have been compelled to pay for the same as alleged in the complaint, and have consequently sustained damage in the sum they have thus been compelled to pay. If the appellants had a valid contract with the appellees to loan them money, and had sus-tained damages by reason of a breach of such contract, they were entitled to set off against the claim of the appellees the amount of such damages.

The answer before us fails to aver any facts from which the damages sustained by the appellants can be ascertained. It is not shown how long the loan, if made, should run be-fore maturity. The rate of interest is not averred. It is silent upon the subject of the rate of interest at which money could be borrowed in the market; indeed, the answer wholly fails to aver any fact from which it appears that the appel-lant Vincent and his co-contractor have sustained any sub-stantial damages by reason of the breach of the contract therein averred.

The principal controversy between the appellees and the appellant Foster grows out of the transfer of a note executed by one Moore by the appellees to Vincent and Goodrich, in part payment for work done in the construction of the block

named in the contract. It appears by the record that at a time when, under the terms of the contract, there was due to the contractors fifteen hundred dollars, and the architect had made an estimate in their favor therefor, they took, without the knowledge of Foster, the surety, in lieu of the fifteen hundred dollars in cash, nine hundred dollars in cash and the note of one Joseph A. Moore for six hundred dollars, not then due. Moore proved to be insolvent.

It is contended by Foster that the contract between the appellees and Vincent and Goodrich and the bond in suit, being executed at the same time, and both referring to the same subject-matter, constitute but one contract, and that as the appellees agreed to pay for the construction of the block named in the contract, in cash, except the sum of six thousand dollars, the payment in the Moore note was not a compliance with the contract, and that, therefore, there can be no recovery on the contract.

*Second.* That the agreement to take the Moore note in part payment for the construction of the building was such a material change in the contract as released the surety.

*Third.* That the money to be paid by the appellees to the contractors constituted a security, in their hands, and that by the transfer to them of the Moore note they released that much of the security which operated as a discharge of the surety *pro tanto.*

These questions are presented in different forms by the record before us, but as the whole question turns on the effect of the payment made by the transfer of the Moore note, it is not necessary that we should discuss, in detail, each question presented in the court below. If either one of the propositions above advanced can be maintained the judgment of the superior court should be reversed; if they can not, then in so far as it is affected by this question, it should be affirmed.

The second and third propositions above presented must be considered separately, for they are separate and distinct

legal propositions, governed by different legal principles. If the contract has been changed in such a manner as to constitute a contract different from the one entered into by the appellant Foster, then he is not liable in this suit, whether the change was to his injury or benefit, and the reason is found in the fact that, after such change, it is no longer his contract.

The third proposition does not rest upon the claim that there has been any change in the contract, but rests upon the well known principle that where the creditor has parted with a security which he should have held for the protection of the surety, the surety is entitled to be released to the extent of the loss which might have been avoided by retaining the security.

Ordinarily, where two or more written contracts are executed at the same time, relating to the same subject-matter, they are to be construed together as constituting but one contract. 2 Parsons Contracts, 503 ; *Judah* v. *Zimmerman,* 22 Ind. 388.

It is also well settled that a written contract may be changed by a parol agreement, and that any material change in a written contract, based upon a sufficient consideration, will discharge the surety on such contract if made without his knowledge and consent. Brandt Suretyship, etc., sections 330, 338 and 341 ; *Zimmerman* v. *Judah,* 13 Ind. 286 ; *Judah* v. *Zimmerman, supra.*

It is not claimed that the contract set out in the complaint has been altered by interlineation or erasure, but the contention is that it has been changed by parol. The question, therefore, is as to whether the acceptance of the Moore note by the contractors in part payment for money due upon the contract in suit was such a change in the contract as released the surety.

It is well settled that payment may be made in anything which the creditor is willing to accept as such. *Londen* v.

*Birt,* 4 Ind. 566; *Weston* v. *Wiley,* 78 Ind. 54; *Gage* v. *Lewis,* 68 Ill. 604.

The acceptance of the Moore note by Vincent and Goodrich as payment for money due under their contract was a satisfaction, as to them,. of so much of their debt as equalled the agreed value of the note. This is not denied by the appellant Foster, but it is contended that such payment did not bind him, as he never consented thereto; and that as they accepted the note without his consent, in lieu of money, it so far changed the contract as to release him.

We are not inclined to adopt the contention that the acceptance of the Moore note necessarily changed the original contract between the parties. Had there been an agreement between the appellees and Vincent and Goodrich, based upon a valid consideration, whereby Vincent and Goodrich had become bound to accept the Moore note in part payment for the work provided for in the contract, without the consent of the surety, we are not prepared to say that it would not have been such a change as would have released the surety.

The contract between the parties bound the appellees to pay money, but it did not prohibit Vincent and Goodrich from accepting anything but money. It is true that they had the right to demand payment for the erection of the block named in the contract in money, and the right to refuse to accept anything else, but there is no contract between them and the appellees, or between them and the surety, by the terms of which they are prohibited from accepting anything else. It must follow that the acceptance of something other than money is not necessarily a change in the contract. To so argue would lead to the conclusion that the acceptance of a draft or check, in payment of an instalment due, would so change the contract as to release the surety, for neither a check nor draft is money. In this connection it must be remembered that it is wholly immaterial whether the note, check or draft is promptly paid, or whether it is paid at all, for the question is one of a change in the con-

tract, and if to accept it operates as a change in the terms of the contract it would be as fatal if the note, check or draft was paid the next hour after its acceptance as if it were never paid.   If we accept and adopt the argument of the appellant Foster, if Vincent and Goodrich had given to one of the parties, who held mechanics' liens on the property, an order on the appellees for his claim, and they had paid it in anything but money, that would have discharged him from liability on the bond in suit.   We do not think, in the absence of some express provision to that effect, that we should construe the contract before us as prohibiting Vincent and Goodrich from accepting anything but money in payment for the work and material in erecting the business block named in the contract.   There is no claim that the appellees were guilty of any fraud by means of which Vincent and Goodrich were induced to accept the Moore note, nor is it claimed that there was any collusion between them to cheat, wrong or in any manner defraud the surety.   For these, and other reasons that could be given, we are of the opinion that the acceptance of the Moore note by Vincent and Goodrich in part payment for the amount due them from the appellees, was not such a change in the contract, for the performance of which the appellant Foster bound himself as surety, as released him from the contract.

As to whether the third proposition contended for by the appellant Foster can be maintained, depends, we think, upon whether the appellees, under their contract with Vincent and Goodrich, had the power to control the application of the money due to them, or to retain and apply the same to the satisfaction of debts created for material and labor.   If the appellees possessed such power, and owed it as a duty to direct such payments, or retain and apply the money to such purpose, then a payment to Vincent and Goodrich without the consent of the surety would be such a release of securities as would release the surety *pro tanto.*

It is contended by the appellant Foster that payments to

be made by the creditor, on a mutual contract, are securities to the creditor, and in support of his contention he cites the cases of *Calvert* v. *London Dock Co.*, 2 Keen, 638, and *Bragg* v. *Shain*, 49 Cal. 131. These cases, however, are not in point, for the contracts in those cases reserved to the creditor the right to retain twenty-five per cent. of the amount earned until the completion of the work as a security for its faithful performance. In those cases it was held that the payment of the twenty-five per cent. reserved under the contract, to contractors, without the consent of the surety, before the completion of the work, was a release of securities of which the surety could take advantage.

The contract before us gave to the appellees the right to retain the payment to be made in real estate, as a security for a faithful performance of the contract on the part of Vincent and Goodrich, but there is no complaint that this security was parted with without the consent of Foster.

As to the other payments the contract gave the appellees no power to withhold them, direct the application to the payment of debts contracted by Vincent and Goodrich, or to apply them to the payment of such debts. Vincent and Goodrich had the right, under this contract, upon estimates made by the superintending architect, to demand and receive the amount due, and to use the same as to them might seem proper. It seems plain, therefore, that the payments to be made by the appellees to Vincent and Goodrich did not constitute a security in their hands for the faithful performance of the contract upon which Foster was surety, in the sense that a payment to them for work actually done, or material furnished, would entitle the surety to a release *pro tanto*, whether such payments were made in cash, or in something else which they were willing to accept as payment. Burge Suretyship, 123; *Merchants', etc., Bank* v. *Evans*, 9 W. Va. 373; *Watertown Fire Ins. Co.* v. *Simmons*, 131 Mass. 85; *Second National Bank* v. *Poucher*, 56 N. Y. 348;

*Clark* v. *Sickler*, 64 N. Y. 231; *Second National Bank, etc.,* v. *Hill*, 76 Ind. 223.

On the trial of the cause, the appellees read in evidence, over the objection of the appellant Foster, a statement of accounts between the appellees and Vincent and Goodrich. The statement was in the hand-writing of Vincent, and was made out by him and presented to the appellee Van Vorhis, for the purpose of settlement. It shows a balance due to Vincent and Goodrich of fifty-eight dollars, which the evidence tends to show was afterwards paid. In relation to this statement the court instructed the jury as follows:

" If this statement was made and delivered in the making of a settlement between plaintiffs and Vincent and Goodrich, then it is *prima facie*, but not conclusive, evidence as against Foster."

In admitting this statement in evidence, as the consideration of the same is directed and controlled by the instruction above set out, we do not think the court erred. *Nichols* v. *State, ex rel.,* 65 Ind. 512; *Boone County Bank* v. *Wallace*, 18 Ind. 82; *Dickerson* v. *Turner*, 12 Ind. 223; *Chapel* v. *Washburn*, 11 Ind. 393; *Parker* v. *State, ex rel.,* 8 Blackf. 292.

This statement, together with the other evidence introduced in connection therewith, tended to prove that the appellees had complied with the contract between them and Vincent and Goodrich on their part.

It follows from what we have said, that the superior court did not err in its rulings on demurrers to the several pleadings in this cause, nor did it err in its instructions to the jury, covering the question growing out of the payment made by the transfer of the Moore note.

In making payment in that note the appellees were guilty of no breach of duty which they owed to Foster, as the surety of Vincent and Goodrich, of which he has any right, under the terms of the contract set out with the pleadings in the cause, to complain.

Finally, it is contended by the appellants, that the verdict of the jury is not supported by the evidence, in that it fails to show that the property upon which the mechanic's liens held by the parties named in the complaint, was the same property described in the contract between the appellees and Vincent and Goodrich.

The question as to whether the property covered by the liens was the building erected by Vincent and Goodrich under the contract in suit, seems not to have been contested in the superior court until the motion for a new trial was filed, and is presented here on the action of the court in overruling that motion.

There is no description of any real estate in the written contract signed by the parties, but from the plans and specifications referred to in the contract, we find that the building which was to be erected was to be located on the ground of the appellees, at the corner of Delaware and New York streets, in the city of Indianapolis. The dimensions of the building were 100x63½ feet. The ground described in the decree foreclosing the liens corresponds with that described in the plans and specifications above referred to, and that described in the complaint. When one Shannon brought suit to enforce a mechanic's lien against the property, the appellant Foster was notified to appear and defend the action, which he did. This action was consolidated with the actions in which the decree of foreclosure was rendered, Foster defending against all the suits in the name of the appellees.

Throughout the whole of the litigation the parties seem to have acted upon the assumption that the property against which the parties named in the complaint were seeking to enforce their liens was the building erected by Vincent and Goodrich for the appellees under the contract for the performance of which the appellant Foster was surety. Under this proof we think the jury was justified in finding that the liens covered the building erected under the contract now in

suit. The evidence, in our opinion, tends to support the verdict.

There is no available error in the record.

Judgment affirmed.

Filed April 3, 1890.